```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL MARSALA and DEBORAH MARSALA,

                    Plaintiffs,
                                              MEMORANDUM & ORDER
         -against-                            13-CV-5334(JS)(ARL)

TARGET STORES, a division of TARGET
CORPORATION, and ALFRED M. LEWIS
PROPERTIES, INC.,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:        Kenneth A. Auerbach, Esq.
                       Cartier, Bernstein, Auerbach
                          & Dazzo, P.C.
                       100 Austin Street, Building 2
                       Patchogue, NY 11772

For Defendants
Target Corporation:    Allison C. Leibowitz, Esq.
                       Simmons Jannace L.L.P.
                       115 Eileen Way, Suite 103
                       Syosset, NY 11791

Alfred M. Lewis
Properties, Inc.:      No appearances.

SEYBERT, District Judge:
```

Presently before the Court is defendant Target Corporation's ("Target") response to this Court's October 23, 2013 Order to Show Cause why this action should not be remanded for lack of subject matter jurisdiction. For the following reasons, the Court finds that remand is not necessary.

<u>BACKGROUND</u>

In August 2013, plaintiffs Michael Marsala and Deborah Marsala (collectively, "Plaintiffs") commenced this action in New York State Supreme Court, Suffolk County, against Target and Alfred M. Lewis Properties, Inc. ("Lewis Properties") asserting claims for negligence arising out of injuries Michael Marsala allegedly sustained when his wheelchair tipped over a tree grate on the sidewalk in front of a Target store located at 1149 Sunrise Highway in Copiague, New York. According to the Complaint, Lewis Properties owned the sidewalk in front of the Target store at issue. (Compl., Docket Entry 1-1, ¶ 26.)

On September 30, 2013, Target removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441, 1332. (<u>See</u> Not. of Removal, Docket Entry 1.) Target asserted that this Court had subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because Plaintiffs are citizens of New York and Target is incorporated in Minnesota with its principal place of business in Minnesota, and the amount in controversy exceeds $75,000. (Not. of Removal ¶¶ 3-4, 6.) Target asked this Court to disregard Lewis Properties' citizenship arguing that Lewis Properties was an "absentee landlord, which did not operate or maintain the sidewalk" at issue and that Plaintiffs sued Lewis Properties "solely in an effort to destroy diversity jurisdiction." (Not. of Removal ¶ 5.)

On October 23, 2013, this Court found that Target had failed to meet its burden of establishing that removal was proper and ordered Target to show cause why this action should not be remanded for lack of subject matter jurisdiction (Order to Show Cause, Docket Entry 8). The Court found that Target failed to meet its burden for two reasons. First, the Court noted that it could not determine whether complete diversity existed without knowing Lewis Properties' state of incorporation and principal place of business. (Order to Show Cause at 3.) Second, the Court noted that, although a "nominal" defendant will not destroy diversity jurisdiction, Target had failed to meet its burden of proving that Lewis Properties was nominal because Target did not "show with specificity that the facts as stated in the complaint, under the present law of the forum state, formed no basis for recovery against" Lewis Properties. (Order to Show Cause at 3-4.)

On November 14, 2013, Target filed a response to the Court's Order to Show Cause. (Docket Entries 14, 15.) On the same day, the parties also filed a joint stipulation dismissing Lewis Properties from this action, which the Court so ordered on December 3, 2013. (Docket Entries 13, 18.) The Order to Show Cause permitted Plaintiffs to submit a response but Plaintiffs did not.

DISCUSSION

In its response to the Court's Order to Show Cause, Target now asserts that Lewis Properties was a nominal party at the time of removal because Lewis Properties "had no relationship to the subject property on the date of the accident."[1] (Def.'s Mem., Docket Entry 15, at 5-6.) The Court agrees.[2] [3]

---

[1] In its notice of removal, Target originally asked this Court to disregard Lewis Properties' citizenship because Lewis Properties is an "absentee landlord, which did not operate or maintain the sidewalk" at issue. (Not. of Removal ¶ 5.) In its response to the Order to Show Cause, Target now claims that this assertion was a "typographical error." (Def.'s Mem., Docket Entry 15, at 2 n.1.)

[2] Target also claims that diversity of citizenship existed at the time of removal because Lewis Properties is in fact an inactive California corporation, Plaintiffs are citizens of New York, and Target is incorporated in Minnesota with its principal place of business in Minnesota. (Def.'s Mem. at 3-4.) The Court finds that Target still has not provided the Court with sufficient information to support this contention. However, since the Court finds that Lewis Properties was a nominal party that could not destroy diversity jurisdiction, Lewis Properties' citizenship is of no consequence.

[3] As noted above, the parties agreed to discontinue this action as against Lewis Properties on November 14, 2013. Thus, to the extent that Lewis Properties' joinder destroyed diversity of citizenship at the time of removal, the parties likely have cured any such jurisdictional flaw by discontinuing this action against Lewis Properties because "the elimination of non-diverse defendants prior to judgment saves the action from dismissal for lack of jurisdiction." Brown v. Eli Lilly & Co., 654 F.3d 347, 357 (2d Cir. 2011). However, the Second Circuit also has cautioned that "the better practice is to verify jurisdiction in a diversity action early on . . . ." Id. Because the Court finds that Lewis Properties was a nominal party anyway, it is not necessary to determine whether the voluntary stipulation of dismissal does in fact cure any potential jurisdictional flaw.

"The joinder of a defendant who resides in the state where the action is brought will not destroy diversity where the defendant is a 'nominal' party 'with no real, or direct interest in the controversy.'" Metro. Prop. & Cas. Ins. Co. v. J.C. Penney Cas. Ins. Co., 780 F. Supp. 885, 889 (D. Conn. 1991) (quoting Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, 521 F. Supp. 1046, 1047 (S.D.N.Y. 1981), aff'd, 710 F.2d 87 (2d Cir. 1983)). The removing party has the burden of establishing federal jurisdiction and "proving the nominal nature of the non-diverse party . . . ." Martindale-Hubbell, 521 F. Supp. at 1048. To sustain its burden, the removing party "must show with specificity that the facts as stated in the complaint, under the present law of the forum state, form no basis for recovery against the defendant who defeats diversity." Truglia v. KFC Corp., 692 F. Supp. 271, 275 (S.D.N.Y. 1988), aff'd, 875 F.2d 308 (2d Cir. 1989); see also Laughlin v. Prudential Ins. Co., 882 F.2d 187, 190 (5th Cir. 1989) (a defendant is "nominal" for the purposes of determining diversity "only if [the court] concludes that the plaintiff has no possibility of establishing a valid cause of action against the in-state defendant").

Here, the Complaint made identical, conclusory allegations regarding Target and Alfred Lewis: namely, that they both "owned" (Compl. ¶¶ 6, 26), "operated" (Compl. ¶¶ 7, 27), "controlled" (Compl. ¶¶ 8, 28), "managed" (Compl. ¶¶ 9, 29),

5

"maintained" (Compl. ¶¶ 10, 30), "repaired" (Compl. ¶¶ 14, 34), and had duty to maintain and keep the sidewalk in "a reasonable state of repair and good and safe condition" (Compl. ¶¶ 15, 35). The Court, however, is not limited to the allegations in the Complaint in determining whether Lewis Properties is a nominal party. See B.N. ex rel. Novick v. Bnei Levi, Inc., No. 12-CV-5057, 2013 WL 168698, at *3 (E.D.N.Y. Jan. 15, 2013) (collecting cases).

Target has provided the Court with evidence that Target purchased the subject property in 1993,[4] (see DeLuca Affirm., Docket Entry 4, Ex. G), and that Lewis Properties did not have any ownership interest in, or repair or maintenance responsibilities for, the subject property at the time of the alleged accident (see DeLuca Affirm., Exs. D, E). Thus, the Court finds that Target has satisfied its burden of establishing that Lewis Properties was a nominal party, because "there can be no recovery against [Lewis Properties] under the law on the cause alleged" considering that Lewis Properties has no connection with the subject property. Felipe v. Target Corp., 572 F. Supp. 2d. 455, 462 (S.D.N.Y. 2008) (quoting Allied Programs Corp. v. Puritan Ins. Co., 592 F. Supp.

---

[4] The subject property was actually purchased in the name of Dayton Hudson Corporation--the prior corporate name of Target. (Downs Aff. ¶ 4 (attached as to the DeLuca Affirmation as Exhibit J).)

6

1274, 1276 (S.D.N.Y. 1984)).  Accordingly, the Court will not remand for lack of subject matter jurisdiction at this time.

## CONCLUSION

For the foregoing reasons, the Court will not remand for lack of subject matter jurisdiction at this time.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    December __16__, 2013
          Central Islip, NY